IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CORNELIUS LAMAR FRAZIER,<br><br>*Defendant*. | Criminal No. 1:20-CR-207<br><br>Sentencing Date: February 24, 2021<br><br>The Honorable Rossie D. Alston, Jr. |

**POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING**

The United States of America, by and through its attorneys, Raj Parekh, Acting United States Attorney for the Eastern District of Virginia, Bibeane Metsch, Assistant United States Attorney, and Rachel Roberts, Special Assistant United States Attorney, in accordance with 18 U.S.C. § 3553(a) and the United States Sentencing Commission Guidelines Manual ("U.S.S.G." or the "Guidelines"), hereby files this position of the United States with respect to the sentencing of the defendant, Cornelius Lamar Frazier. The defendant comes before the Court for sentencing after pleading guilty to a one-count criminal information in the above-captioned case charging him with conspiracy to distribute 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-( 2-phenylethyl )-4-piperidinyl] propanamide, commonly referred to as fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a) and 846. For the reasons set forth herein, the United States respectfully submits that a sentence of 151 months of imprisonment is appropriate in this case. This recommendation is made jointly with the defendant.

The United States has no objection to the Presentence Investigation Report ("PSR"), Dkt. No. 32, which correctly calculates the Guidelines range to be 262 to 327 months of incarceration

(Total Offense Level 39, Criminal History Category I). The United States moves for a one-level reduction of the defendant's Guidelines level pursuant to U.S.S.G. § 3E1.1(b), in recognition of the defendant's timely guilty plea and his acceptance of responsibility. The Probation Office has already applied that reduction in paragraph 42 of the PSR. The United States further agrees that the defendant has demonstrated acceptance of responsibility for the offense. The Probation Office has already accounted for this two-level decrease in the Guidelines calculation in paragraph 41 of the PSR. For the reasons set forth herein, the United States submits that a sentence of 151 months, which is below the Guidelines range, is sufficient, but not greater than necessary, to accomplish the goals of 18 U.S.C. § 3553(a).

### I.   FACTUAL AND PROCEDURAL BACKGROUND

On June 1, 2020, in an effort to recover a stolen vehicle, law enforcement executed a search warrant for documents and records at the defendant's residence. PSR ¶ 9. Upon entering the apartment, officers observed evidence related to the distribution and manufacture of narcotics and obtained a follow-on warrant. *Id.* ¶ 10.

During the search of the defendant's residence pursuant to the second warrant, fentanyl, pill manufacturing materials, narcotics proceeds, a firearm, and ammunition were located. *Id.* ¶ 20. In a blender in the kitchen, approximately 1,082 grams of a mixture and substance containing fentanyl was found. *Id.* Pressed pills containing markings of Oxycodone were also found along with a hydraulic jack, two dust collectors containing a large amount of residue, an inductor motor, pill presses with several insets with markings consistent with those found on controlled prescription painkillers, and various cutting agents. *Id.* Approximately $34,828.01 in U.S.

currency in a safe, a loaded AK-47 found near the safe with thirty bullets in the magazine, and ammunition for other firearms was also seized from the residence. *Id.* ¶¶ 20-21.

On June 1, 2020, the defendant also possessed in his 1988 Chevrolet Monte Carlo two brick-like packages which were a mixture and substance containing fentanyl weighing approximately 665.7 grams and 1007.0 grams respectively. *Id.* ¶ 22. The vehicle also contained 5,307 pills found to be a mixture and substance containing fentanyl weighing approximately 4,437.0 grams. *Id.* In another one of his vehicles, the defendant possessed two machines used to create kilogram packages of controlled substances. *Id.* ¶ 23. The defendant is being held accountable for a total of 7.197 kilograms of a mixture and substance containing fentanyl, all seized on June 1, 2020. *Id.* ¶ 26.

On June 1, 2020, the defendant was arrested in Arlington and remains in custody as of the date of this filing. Since September 15, 2020, he has been in federal custody.1 On September 16, 2020, the defendant pleaded guilty to a criminal information charging him with conspiracy to distribute 400 grams or more of a mixture and substance containing a detectable amount of fentanyl. *Id.* ¶ 3. It was part of the conspiracy that the defendant would press illicit pills containing fentanyl, among other substances, to resemble prescription pills including Oxycodone for distribution and monetary gain. *Id.* ¶ 19. He is scheduled to be sentenced on February 24, 2021. *Id.* ¶ 3.

**II.     ARGUMENT**

    A.     <u>Overview of Applicable Law</u>

Although the Supreme Court rendered the Guidelines advisory in *United States v. Booker*,

---

1 As of February 24, 2021, the scheduled date of sentencing, the defendant will have been in federal custody for approximately 5 months and 10 days and state and federal custody for 8 months and 23 days.

543 U.S. 220 (2005), a sentencing court still must "consult those Guidelines and take them into account when sentencing." *Ibid.* at 264. "[A] district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines. Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in [18 U.S.C.] § 3553(a) before imposing the sentence." *United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005).

When imposing a sentence that is "sufficient, but not greater than necessary," § 3553 states that the Court shall consider the nature and circumstances of the offense and the history and characteristics of the defendant. The Court must also consider other factors, including the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment for the offense; [and] to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A) & (B). In addition, the sentence should protect the public from further crimes of the defendant and provide the defendant with needed correctional treatment. 18 U.S.C. § 3553(a)(2)(C) & (D). Finally, the sentence should address "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

  B.  <u>Guidelines Calculation</u>

In accordance with § 6A1.2 of the Guidelines and Policy Statements and this Court's policy regarding Guidelines sentencing, the United States has reviewed the Probation Office's PSR prepared in this matter. The Probation Office calculated the defendant's Guidelines range to be 262 to 327 months, based on a total offense level of 39 and a Criminal History Category of I. PSR ¶¶ 78-79.

      i.      <u>Application of 18 U.S.C. § 3553 Factors to the Defendant's Case</u>

The factors set forth in 18 U.S.C. § 3553 warrant the imposition of a sentence of 151 months of incarceration. This sentence is necessary to promote respect for the law and to deter future criminal conduct by the defendant and others. The defendant was involved in a significant manufacturing and distribution operation that pushed thousands of counterfeit prescription opioids laced with fentanyl into the local community.

The defendant was a leader of the conspiracy, employing at least one other individual to assist in the manufacture of the pills and using his own apartment as the site for manufacturing and operating his distribution business. The seriousness of the defendant's offense is heightened by the loaded AK-47 found in the defendant's residence on the day of his arrest. PSR ¶ 21. A significant prison sentence is therefore appropriate and reasonable to reflect the seriousness of the offense.

It is difficult to quantify the impact that the amount of fentanyl (over 7 kilograms seized in one day) involved in this offense had on communities in this District and elsewhere. Fentanyl is a powerful synthetic opioid which is 50 to 100 times stronger than morphine.[2] Fentanyl imposes a significant harm on society. It is an addictive and dangerous drug that destroys the lives of users, and has far reaching consequences on the users' families, friends, and communities. The resultant cost on society is tremendous, including the cost of law enforcement, healthcare, loss of productivity, and mental health treatment. The defendant engaged in the conspiracy with little, if any, regard for the harms to society and the users, and did so for his own financial gain. Counterfeit prescription drugs like those involved in this case are laced with fentanyl and designed

---

[2] National Institute on Drug Abuse, *Drug Topics—Fentanyl*, https://www.drugabuse.gov/drug-topics/fentanyl (last visited February 15, 2021).

in such a way that purchasers have a difficult time discerning if they are obtaining legitimate prescription medication or counterfeit pills. Consuming counterfeit pills laced with fentanyl can lead to death. Synthetic opioids, including fentanyl, are now the most common drugs involved in drug overdose deaths in the United States.3 A sentence of 151 months of imprisonment will specifically deter this defendant, but it will also serve as a warning sign to others who might seek to profit from the distribution of dangerous controlled substances like fentanyl.

The Probation Office properly calculated the defendant's Guidelines. Specifically, the Probation Office appropriately applied a two point enhancement for maintaining a premises for the purpose of manufacturing or distributing a controlled substance under § 2D1.1(b)(12), and a four point enhancement for knowingly misrepresenting or marketing as another substance a mixture and substance containing fentanyl under § 2D1.1(b)(13). The United States submits, however, that the Guidelines range with these enhancements of 262 to 327 months is excessive and unduly harsh under the circumstances of this case. Without these enhancements, the defendant's Total Offense Level would be 33 for a Guidelines range of 135 to 168 months.

The defendant's own history and characteristics suggest that a sentence of 151 months is appropriate. The defendant is a young man at age 32, PSR at 3, who quickly accepted responsibility for his involvement in the conspiracy and has shown remorse for his actions, *Id.* ¶ 30. He has a very minimal criminal history that includes a misdemeanor conviction for possession with intent to distribute marijuana (age 22) and a conviction for no operator's license (age 25), PSR ¶¶ 45-46, and he has been assessed as a Category I. *Id.* ¶ 48.

In light of the foregoing, the government submits that a Guidelines range sentence would

---

3 National Institute on Drug Abuse, *Drug Facts—Fentanyl*, https://www.drugabuse.gov/publications/drugfacts/fentanyl (last visited February 15, 2021).

be excessive under the circumstances. Accordingly, the parties jointly recommend a downward variance and sentence of 151 months of imprisonment.

### III. CONCLUSION

For the reasons stated above, the United States respectfully requests that the Court impose a sentence including a prison term of 151 months.

Respectfully submitted,

Raj Parekh
Acting United States Attorney

By: _____/s/_____
Bibeane Metsch
Assistant United States Attorney
Rachel Roberts
Special Assistant United States Attorney (LT)

CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which automatically generated a Notice of Electronic Filing to the all counsel of record.

_____/s/_____
Rachel Roberts
Special Assistant United States Attorney (LT)
2100 Jamieson Ave.
Alexandria, VA 22314
Tel: (703) 299-3700
Fax: (703) 299-3981
Rachel.Roberts@usdoj.gov